IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PJM-20-188 |
| | * | |
| DAJUAN EUGENE DAVIS, | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

## SENTENCING MEMORANDUM OF THE UNITED STATES

The Government submits this memorandum in anticipation of the sentencing of the defendant, Dajuan Eugene Davis ("Defendant"), to aid the Court at the hearing scheduled for October 19, 2021. On April 29, 2021, the Defendant pled guilty, pursuant to a written plea agreement, to Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) (Count One). (ECF Nos. 17, 20, 21.)

The Government respectfully submits, per the joint recommendation in the plea agreement, that a sentence of 46 months is appropriate. The Government further requests three years of supervised release with the conditions recommended in the Presentence Investigation Report, and a $100 special assessment. The Government also requests that the Defendant be ordered to forfeit the firearm and ammunition seized in this case, as outlined in the plea agreement.

## Background

On October 7, 2019, officers from the Prince George's County (Maryland) Police Department observed a tan Ford Taurus with illegal window tinting in Temple Hills, Maryland. The driver stopped at a stop sign. It then proceeded to turn left, failing to properly use his turn signal.

A traffic stop was initiated. Upon making contact with the driver, the officer smelled the

1

odor of marijuana emitting from inside the vehicle. The rear right passenger, later identified as the Defendant, displayed nervous behavior, uncontrollably moving his hands, reaching, and looking around. The Defendant was ordered to stop reaching around. All the occupants were asked to exit the vehicle.

Upon exiting the vehicle, an officer conducted a lawful pat down of the Defendant and felt the outline of a handgun in the Defendant's waistband. The officer removed from the Defendant's waistband a Glock 30 .45 caliber handgun bearing serial number CNH914US that was loaded with ten rounds of ammunition.

On October 7, 2019, the Defendant knew that he was prohibited from possessing a firearm because he had previously been knowingly convicted in a court of a crime punishable by imprisonment for a term exceeding one year, and his civil rights had not been restored. The Glock 30 .45 caliber handgun bearing serial number CNH914US was manufactured outside of Maryland and therefore traveled in interstate commerce prior to being possessed by the Defendant on October 7, 2019.

## ARGUMENT

The Government submits that a sentence of 46 months is the appropriate term of imprisonment for the Defendant, to be followed by three years of supervised release.

I.   **The Applicable Guidelines.**

  A. *Total Offense Level*

The Government agrees with Probation that the Defendant's Total Offense Level is 17. (PSR at ¶ 23.)

  B. *Criminal History Category*

The Government agrees with Probation that the Defendant's Criminal History Category is

VI. (PSR at ¶ 38.)

### C. Guidelines Range

Given the above calculations, the Government agrees with Probation that the Defendant's guidelines range is 51-63 months' imprisonment. (PSR at ¶ 78.)

**II.　A Sentence of 46 months is Sufficient, But No Greater Than Necessary, to Achieve the Goals of Sentencing.**

A sentencing court must follow the three-step process set forth by *Gall v. United States*. *See* 522 U.S. 38 (2007). First, the court must properly determine the Guideline range. *See id.* at 49 (citing *Rita v. United States*, 551 U.S. 338, 347-48 (2007)). Second, the court must determine whether to apply any of the guidelines' departure policy statements to adjust the Guideline range. *See id.* at 49-50. Third, the court must consider all the factors set forth in 18 U.S.C. § 3553(a) as a whole, including whether a variance—a sentence outside the advisory guideline system—is warranted. *See id.*

The statutory factors for the court's consideration under 18 U.S.C. § 3553(a) include: 1) the nature and circumstances of the offense and history and characteristics of the defendant; 2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public and provide the defendant with needed services; and 3) the kinds of sentences available and the need to avoid unwarranted sentencing disparities. "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4; *see also* 18 U.S.C. § 3661. "If the district court decides to impose a sentence outside the guidelines range, it must ensure that its justification supports 'the degree of the variance.'" *United States v. Evans,* 526 F.3d 155, 161 (4th Cir.), *cert.*

*denied,* 555 U.S. 977, 129 S.Ct. 476, 172 L.Ed.2d 341 (2008) (quoting *Gall,* 552 U.S. at 51). The district court is given "some latitude," and "a degree of deference," to tailor a particular sentence to the circumstances. *United States v. Green,* 436 F.3d 449, 456-57 (4th Cir. 2006); *United States v. Moreland,* 437 F.3d 424, 433 (4th Cir. 2006).

Applying this framework, taking into account the totality of the § 3553(a) factors, a sentence of 46 months is appropriate.

### A. 18 U.S.C. § 3553(a)(1) Considerations

The characteristics of the Defendant include a significant criminal history dating back to 2008. (PSR at ¶¶ 28-35.) His criminal convictions include receiving stolen property, motor vehicle theft, armed robbery, and several other more minor charges. (*Id.*) These past experiences and contacts with the criminal justice system did not dissuade the Defendant from the crime that has brought him before this Court. The nature and circumstances of the offense are serious because they involve the unlawful possession of a firearm. However, there are countervailing factors that warrant a sentence of 46 months, rather than a sentence between 51-63 months. First, but for a conviction in 2017 for driving without a permit, his guidelines would be 46-57 months; and second, the firearm was not used in a violent act in this case.

### B. 18 U.S.C. § 3553(a)(2) Considerations

A sentence of 46 months, followed by 3 years of supervised release, is sufficient but not greater than necessary to meet the purposes of sentencing as enumerated in § 3553(a)(2). As noted, this crime was serious. A sentence of 46 months would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. It is unfortunate that being incarcerated off-and-on since 2008 has not been a sufficient deterrent to prevent the Defendant from continuing to engage in criminal conduct. The government's recommendation is

intended to result in a sentence that gives the Defendant sufficient time to reflect upon his path in life and the poor choices he has made and hopefully take steps towards self-improvement in order to be able to conform his behavior to the dictates of an orderly and peaceful society.

Being confined for 46 months would force the Defendant apart from the public and therefore incapable of engaging in criminal activity in the community. The Defendant's criminal history has shown that he struggles to prevent himself from engaging in unlawful conduct and therefore separation from the public is appropriate. Hopefully, if sentenced to 46 months of imprisonment, the Defendant will be able to take advantage of mental health treatment and educational and vocational services that could, hopefully, reduce the risk of recidivism. Also important to the protection of the public, is the imposition of a three-year period of supervised release. It is important, given the cyclical nature of the Defendant's recidivism that the Defendant not be allowed to reenter society without any guidance, supportive programs, or supervision. Transitioning from the regimented and structured life of prison into the vicissitudes of everyday society without a sufficient level of supervision would be counterproductive to the Defendant's success and put the public at unnecessary risk.

Over the years, the Defendant has been afforded several opportunities to through probation and other means as outlined in the PSR in an attempt to prevent the Defendant from engaging in crime. During the time he was under supervision most recently, the Defendant engaged in the conduct that brings him before this Court. His prior sentences have not deterred him. However, as indicated above, but for the driving without a permit conviction his guidelines would be 46-57 months and the facts of this case do not involve acts of violence. The Defendant comes before the Court facing a significant period of imprisonment for a significant crime.

## **CONCLUSION**

For the reasons stated, as well as those presented at the sentencing hearing, the Government submits that a sentence of 46 months, with 3 years of supervised release, and a $100 special assessment, is an appropriate disposition of this matter.

Respectfully Submitted,

Jonathan F. Lenzner
Acting United States Attorney

*G. Michael Morgan, Jr.*

Digitally signed by GARY MORGAN
Date: 2021.10.05 23:27:51 -04'00'

_____
G. Michael Morgan, Jr.
Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that on this day, October 5, 2021, a copy of the foregoing Government's Sentencing Memorandum was electronically filed and delivered via ECF to all counsel of record in this matter as well as sent via email.

*G. Michael Morgan, Jr.*
Digitally signed by GARY MORGAN
Date: 2021.10.05 23:28:22 -04'00'

G. Michael Morgan, Jr.
Assistant United States Attorney